Citation Nr: AXXXXXXXX
Decision Date: 09/27/21 Archive Date: 09/30/21

DOCKET NO. 210902-182843
DATE: September 27, 2021

ORDER

Entitlement to service connection for post-traumatic stress disorder (PTSD) is granted.

FINDING OF FACT

Resolving reasonably doubt in the Veteran's favor, the Veteran's PTSD is etiologically related to his service.

CONCLUSION OF LAW

The criteria for service connection for PTSD have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably on active duty from May 1968 to March 1971. 

In January 2021, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested readjudication of entitlement to service connection for PTSD most recently addressed in a January 2020 rating decision. In May 2021, the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. 

In the September 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the May 2021 decision on appeal. 38 C.F.R. § 20.301.

In the May 2021 rating decision, the AOJ found that new and relevant evidence was submitted to warrant readjudication of the claim of service connection for PTSD. Additionally, the AOJ made a favorable finding and conceded in-service stressor based on the Veteran's service in the Republic of Vietnam and receipt of the Combat Infantry Badge. The Board is bound by these favorable findings. 38 C.F.R. § 3.104.

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). To substantiate a claim of service connection, there must be evidence of (1) a current disability (for which service connection is sought); (2) incurrence or aggravation of a disease or injury in service; and (3) a causal connection between the disease or injury in service and the current disability. See Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). 

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. Masors v. Derwinski, 2 Vet. App. 181 (1992); Wilson v. Derwinski, 2 Vet. App. 614 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value. 

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.102, 4.3.

1. Entitlement to service connection for PTSD.

The Veteran claims entitlement to service connection for PTSD resulting from experiences that occurred during active-duty service. Specifically, the Veteran and his representative argues that the private opinion of record supports the Veteran's contention, and that at minimum he should be afforded the benefit of the doubt and granted service-connection for his PTSD. See January 2021 Statement in Support of Claim for PTSD. Additionally, in the September 2021 Attorney's Brief the Veteran's attorney argued that the AOJ's request for an additional examination after receipt of the private opinion was analogous to an attempt to obtain negative evidence against the Veteran's claim, a practice contrary to VA policy. 

Service connection for PTSD requires medical evidence diagnosing the condition; a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f). The applicable regulation requires that if the in-service stressor is related to the veteran's fear of hostile military or terrorist activity means the veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death, serious injury, or a threat to the physical integrity of self or others and the person's response involved a psychological or psycho- physiological state of fear, helplessness, or horror.

For matters certified to the Board after August 4, 2014, a diagnosis of a mental disorder must conform to the American Psychiatric Association, Diagnostic and Statistical Manual, Fourth Edition (DSM-V). 70 Fed. Reg. 45,093 (Aug. 4, 2014).

Service treatment records (STRs) are silent for mental health complaints or treatment. 

In December 2019, the Veteran was afforded a VA PTSD Disability Benefits Questionnaire (DBQ) examination. The examiner determined that the Veteran did not have a diagnosis of PTSD that conformed to DSM-V criteria. Further, the examiner determined that the Veteran did not have another diagnosed mental disorder. The examiner noted two stressors that are adequate to support the diagnosis of PTSD: (1) exposure to mortar and rockets attacks while serving in Vietnam, and (2) while on a chopper in Vietnam, his friend was shot by a sniper and killed. However, the examiner noted that the Veteran did not meet several of the necessary criterions to confirm a PTSD diagnosis. 

The Veteran submitted a private psychological evaluation conducted by Dr. M.D. in October 2020. Dr. M.D. diagnosed the Veteran with PTSD and depressive disorder due to diabetes. She noted that the Veteran's in-service stressors caused him to develop symptoms that are consistent with and meet the DSM-V diagnostic criteria for PTSD. The Veteran reported that although he had emotional distress post-service, he pushed through because he had responsibilities. Further, he reported that he first experienced a change in mood and behavior during his deployment in Vietnam. He reported that he became anxious, fearful, had recurrent memories, nightmares and difficulty sleeping related to the stressors, including exposure to mortar and fire attacks. Although the Veteran experienced these symptoms, he reported that he did not seek treatment due to "negative stigma." He reported that his symptoms have been consistent throughout the years. Dr. M.D. opined that the Veteran's PTSD is at least as likely as not related to his fear of hostile military events and terroristic activity during his deployment in Vietnam, to include month of repeated mortar attacks when he was the DMZ, bunking underground in Vietnam. For rationale, Dr. M.D. stated that the Veteran's symptoms are consistent and meet the requirements prescribed by the DSM-V. Additionally, she noted that objective findings support his report of his in-service exposure. Dr. M.D. stated that the Veteran developed symptoms including recurrent distressing memories, dreams, diminished interest in activities, detachment, irritability. Dr. M.D. noted occupational and social impairment with reduced reliability in productivity. 

The Veteran submitted an independent expert medical analysis from Dr. C.M. in November 2020. Notably, the analysis highlighted the positive nexus opinion from Dr. M.D. The analysis noted that the evidence from Dr. M.D.'s evaluation reveals a DSM-V diagnosis of PTSD, with a nexus between his symptoms and his in-service stressor in Vietnam. Dr. C.M. concluded that the Veteran's evaluation from Dr. M.D. and the evidence of record satisfies the in-service requirement of service connection for PTSD. 

 A lay statement was received in January 2021 from the Veteran's wife. She states that her husband was affected mentally by his deployment to Vietnam. She states that she was married to her husband three years prior to his induction into the military, and therefore is able to accurately note the Veteran's behavior before and after serviced. She noted that after Vietnam, her husband started having nightmares with night sweats. 

In May 2021 the Veteran was afforded another VA contract examination for his PTSD. The examiner stated that the Veteran's diagnosis does not meet the diagnostic criteria for PTSD under DSM-V. For in-service stressors, the examiner noted his friend getting killed and mortar attacks. The examiner noted that the Veteran did not meet criterion F or G pursuant to DSM-V and did not find persuasive the medical opinions from Dr. M.D. and Dr. C.M. The examiner concluded that the Veteran did not meet the diagnoses of PTSD under the DSM-V criteria. 

The Board notes that an in-service stressor has already been conceded by the AOJ. The question before the Board is whether the evidence shows a diagnosis of PTSD pursuant to DSM-V, and whether there is a nexus between the Veteran's symptoms and his in-service stressor. 

The Board awards the December 2019 VA DBQ some probative value. During the DBQ the examiner concluded that the Veteran did not have a diagnosis of PTSD, as many of the questions on the questionnaire were not applicable. However, the Board notes that under relevant mental health history (pre-military, military, and post-military), the examiner noted "none". Here, it is unclear if the examiner's failure to note any pertinent mental health symptoms is based on the lack of records, because the Veteran has reported experiencing various symptoms relating to PTSD despite this examiner's failure to document any symptoms. 

As for the May 2021 VA contract examination, the Board awards this little probative weight. Here, the examiner relied heavily on the November 2019 for completion of the DBQ. Instead of completing the DBQ during the examination, the examiner often referred solely to the November 2019 DBQ for details. It is also unclear whether the examiner considered or took any of the Veteran's lay statements into account. 

The Board finds the private opinion from Dr. M.D. highly probative. Dr. M.D.'s opinion was based on an in-depth exploration of the Veteran's history, including an interview with the Veteran and review of his treatment records. Further, under mental health history, Dr. M.D. fully documented the Veteran's reports of his mental history and his symptoms throughout the years. She fully considered the Veteran's lay statements and did not disregard them in rendering her opinion. Additionally, the private opinion from Dr. M.D. was endorsed by the independent medical analysis from Dr. C.M. who confirmed the Veteran's diagnosis of PTSD related to his combat activities in Vietnam. 

The Board finds that the medical evidence of record to support a medical nexus between the Veteran's events and his current symptoms is in equipoise. 

(Continued on the next page)

 

In light of the foregoing, the Board resolves all reasonable doubt in the Veteran's favor and finds that service connection for PTSD is warranted. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

 

 

Tiffany Dawson

Veterans Law Judge

Board of Veterans' Appeals

Law Clerk for the Board N. Jamordee

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.